UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JANE DOE 1**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:18-cv-01391 (RBW)** |
| | ) | |
| **THE GEORGE WASHINGTON** | ) | |
| **UNIVERSITY**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO THE FIRST AMENDED COMPLAINT

Defendants the George Washington University (the "University") and Kyle Renner ("Renner") hereby submit this Answer to the Plaintiffs' First Amended Complaint ("Complaint"), and deny each and every averment except as expressly admitted below in response to the numbered paragraphs of the Complaint.

Defendants further state that they are not required to answer any claims that the Court dismissed by Order dated March 27, 2019, and nothing in this Answer and Affirmative Defenses shall be construed as an answer to dismissed claims.

Defendants answer the numbered paragraphs of the Complaint as follows:

1.    The first two sentences of this paragraph are argumentative and do not make any factual averments. To the extent they make any factual averments, Defendants deny them. Defendants deny the remaining averments of this paragraph.

2.    Defendants deny the averments of the first two sentences of this paragraph, and deny that any women who alleged that they were raped by Jones were forced to work with him.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in the last sentence of this paragraph respecting Jones' public statements about a sexual rating system, and therefore deny them. Defendants deny the remaining averments of this paragraph.

3. Defendants deny the averments of this paragraph.

4. Defendants deny the averments of this paragraph.

5. Defendants deny the averments of this paragraph.

6. Defendants admit that a university exists for the transmission of knowledge, the pursuit of truth, the development of students, and the general well-being of society; that students should be encouraged to develop the capacity for critical judgment; and that Plaintiffs were participating in a federal work study program. Defendants deny the remaining averments of this paragraph.

7. Defendants admit the averments in the first sentence of this paragraph, deny that they engaged in "legally and morally indefensible" conduct, and deny the remaining averments of this paragraph.

8. Defendants state that this paragraph contains allegations of law to which no answer is required.

9. Defendants state that this paragraph contains allegations of law to which no answer is required.

10. Defendants state that the first and third sentences of this paragraph contain allegations of law to which no answer is required. Defendants admit that all five Plaintiffs had work-study jobs at the University within the District of Columbia. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments respecting the residence

or location of all five Plaintiffs at the time suit was filed, and therefore deny them. Defendants deny all remaining averments of this paragraph.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff Jane Doe 1 ("Doe 1") resides in the District of Columbia, or did so at the time suit was filed, and therefore deny that averment. Defendants admit that all five Plaintiffs had work-study jobs at the University within the District of Columbia, but that otherwise the second sentence of this paragraph contains allegations of law to which no answer is required. Defendants otherwise deny the averments of this paragraph.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff Jane Doe 2 ("Doe 2") resides in the District of Columbia, or did so at the time suit was filed, and therefore deny that averment. Defendants admit that all five Plaintiffs had work-study jobs at the University within the District of Columbia, but that otherwise the second sentence of this paragraph contains allegations of law to which no answer is required. Defendants otherwise deny the averments of this paragraph.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff Jane Doe 3 ("Doe 3") resides in the District of Columbia, or did so at the time suit was filed, and therefore deny that averment. Defendants admit that all five Plaintiffs had work-study jobs at the University within the District of Columbia, but that otherwise the second sentence of this paragraph contains allegations of law to which no answer is required. Defendants otherwise deny the averments of this paragraph.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff Jane Doe 4 ("Doe 4") resides in the District of Columbia, or did so at the time suit was filed, and therefore deny that averment. Defendants admit that all five

Plaintiffs had work-study jobs at the University within the District of Columbia, but that otherwise the second sentence of this paragraph contains allegations of law to which no answer is required.  Defendants otherwise deny the averments of this paragraph.

15.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff Jane Doe 5 ("Doe 5") resides in the District of Columbia, or did so at the time suit was filed, and therefore deny that averment.  Defendants admit that all five Plaintiffs had work-study jobs at the University within the District of Columbia, but that otherwise the second sentence of this paragraph contains allegations of law to which no answer is required.  Defendants otherwise deny the averments of this paragraph.

16.  Defendant University admits the averments of the first two sentences of this paragraph.  Defendant University further admits that it is an employer, and received federal financial assistance, but that otherwise the third and fourth sentences of this paragraph contain allegations of law to which no answer is required.  Defendant University further admits that it generally acts through its agents, servants, and/or employees within the course of their employment and in furtherance of the University's business, but that the last sentence of this paragraph is too general to be answered further.

17.  Defendants admit the averments of this paragraph.

18.  Defendants admit the averments of the first sentence of this paragraph.  Defendants admit that Renner was the Operations Manager in IIEP and had limited supervisory responsibilities respecting the Plaintiffs.  Defendants admit that Renner acted within the scope of his employment during the time period relevant to the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore deny them.

4

19.  Defendants admit that Emerson Jones was previously employed at IIEP, and that he was approximately 24 years old in Fall 2017.  Defendants deny that Jones was in a supervisory role at IIEP.  Defendants lack knowledge or information sufficient to form a belief as the truth of the remaining averments of this paragraph, and therefore deny them.

20.  The averments of this paragraph state a conclusion of law as to which no response is required.  Defendants further deny that they have any liability to Plaintiffs.

21.  Defendants admit the averments of this paragraph respecting the period that Plaintiffs were employed at IIEP.  Defendants deny the remaining averments of this paragraph.

22.  Defendants admit that work-study students at IIEP worked in several workstations, some of which were in close proximity to others.  Defendants deny the remaining averments of this paragraph.

23.  Defendants admit that one or more of the Plaintiffs were good employees, but deny the remaining averments of this paragraph.

24.  Defendants deny that Doe 2 is currently a sophomore at the University, but admit that she was a sophomore during the 2017-18 academic year.  Defendants admit the averments of the last sentence of this paragraph.

25.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

26.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

27.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

28.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

29.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

30.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore deny them.

31.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

32.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

33.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

34.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

35.  Defendants deny the averments of this paragraph.

36.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph respecting Doe 2's mental state or its causes.  Defendants deny the remaining averments of this paragraph.

37.  Defendants deny that Doe 4 is currently a sophomore at the University, but admit that she was a sophomore during the 2017-18 academic year.  Defendants admit the averments of the second sentence of this paragraph.

38.  Defendants admit that Doe 4 had responsibilities related to planning and conducting IIEP events, but deny the remaining averments of this paragraph.

39.  Defendants deny the averments in the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore deny them.

40.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

41.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

42.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

43.  Defendants deny that Jones was Doe 4's "boss."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore deny them.

44.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

45.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph respecting Doe 4's mental state or its causes.  Defendants deny the remaining averments of this paragraph.

46.  Defendants deny that Doe 1 is currently a junior at the University, but admit that she was a junior during the 2017-18 academic year.  Defendants admit the averments of the second sentence of this paragraph.

47.  Defendants admit that Doe 1 had responsibilities relating to the functions listed in this paragraph, but otherwise deny the averments of this paragraph.

48.   Defendants deny that Jones was Doe 1's supervisor.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore deny them.

49.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

50.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

51.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

52.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

53.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

54.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

55.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

56.   Defendants admit that Doe 1 sent an email on December 18, 2017 to Renner, the contents of which speak for themselves.

57.   Defendants admit that Renner had limited supervisory duties respecting the Plaintiffs and Jones, but deny the remaining averments of this paragraph.

58.   Defendants deny the averments of the first three sentences of this paragraph. Defendants admit that Renner commented to Doe 1 about working with people you don't like,

8

but not in response to any comments Doe 1 made about harassment.   Defendants deny the remaining averments of this paragraph.

59.  Defendants deny the averments of this paragraph.

60.  Defendants deny the averments of this paragraph.

61.  Defendants deny the averments of this paragraph.

62.  Defendants deny the averments of this paragraph.

63.  Defendants admit the averments in the first sentence of this paragraph, and deny the averments in the second sentence of this paragraph.   Defendants state that the remaining sentences of this paragraph contain allegations of law to which no answer is required, but if an answer is deemed to be required Defendants deny them.

64.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

65.  Defendants deny the averments of the first sentence of this paragraph.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of this paragraph, and therefore deny them.

66.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph respecting interactions between Jones and Doe 1 on February 1, 2018, or what Doe 1 observed, and therefore deny them.   Defendants deny the remaining averments of this paragraph.

67.  Defendants deny the averments of this paragraph.

68.  Defendants admit that Doe 1 was given the option of working from home, and deny the remaining averments of this paragraph.

69.  Defendants deny the averments of this paragraph.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph respecting Doe 1's mental state or its causes, or changes in her plans for graduate school. Defendants deny the remaining averments of this paragraph.

71. Defendants deny that Doe 3 is currently a sophomore at the University, but admit that she was a sophomore during the 2017-18 academic year. Defendants admit that Doe 3 was employed as a co-Team Lead for Digital Communications and Social Media.

72. Defendants admit that Doe 3 had responsibilities for coordinating the Digital Communications and Social Media Team, and interacted with Renner regularly on the job. Defendants deny the remaining averments of this paragraph.

73. Defendants deny the averments of this paragraph.

74. Defendants deny the averments of this paragraph.

75. Defendants deny the averments of the first four sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of the last sentence in this paragraph, and therefore deny them.

76. Defendants deny the averments of this paragraph.

77. Defendants admit that Renner offered to reschedule female employees who complained about working at the same time as Jones. Defendants deny that any of the Plaintiffs were sexually assaulted while in the IIEP office. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph, and therefore deny them.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

79. Defendants deny the averments of this paragraph.

80.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in the first two sentences of this paragraph.  The third sentence is a rhetorical question which does not require a response.

81.  Defendants deny the averments of this paragraph.

82.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph respecting complaints about Jones made by other students to Doe 3, and therefore deny them.  Defendants deny the remaining averments of this paragraph.

83.  Defendants deny that Doe 5 is currently a sophomore at the University, but admit that she was a sophomore during the 2017-18 academic year.  Defendants admit that Doe 3 was employed as a team member of the Events and Operations team.

84.  Defendants admit that Doe 5 had responsibilities for planning and overseeing the operation of IIEP events.  Defendants deny the remaining averments of this paragraph.

85.  Defendants admit that Jones began working at IIEP after Doe 5 had started her employment there.  Defendants deny the averments of the second sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore deny them.

86.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

87.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

88.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

89.  Defendants deny the averments of this paragraph.

90.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny them.

91.   Defendants deny the averments of this paragraph.

92.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph respecting Doe 5's mental state or professional development, or how she was perceived by her coworkers, and therefore deny them.   Defendants deny the remaining averments of this paragraph.

93.   Defendant University denies the averments in this paragraph that its published statements about combatting sexual harassment are "devoid" of substance.   Defendants deny the remaining averments of this paragraph.

94.   Defendants deny the averments of this paragraph.

95.   Defendants admit that Renner commented to Doe 1 about working with people you don't like, but not in response to any comments Doe 1 made about harassment.   Defendants deny the remaining averments of this paragraph.

96.   Defendants deny the averments of this paragraph.

97.   Defendants admit the averments of the first sentence of this paragraph.   Defendants further admit that Renner stated that he would talk to the Title IX office, and that he offered Doe 2 the opportunity to work from home.   Defendants deny the remaining averments of this paragraph.

98.   Defendants deny the averments of this paragraph.

99.   Defendants admit that Doe 1 met with the Assistant Director for Sexual Assault Prevention and Response on February 9, 2018, and deny the remaining averments of this paragraph.

100.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the averment that Doe 2 observed Jones in the office on February 11, 2018.  Defendants admit that Doe 2 sent an email to Renner that day, the contents of which speak for themselves. Defendants deny the remaining averments of this paragraph.

101.   Defendants admit that Doe 2 had a professional development meeting with Renner on February 23, 2018, that Renner offered Doe 2 the opportunity to work from home if she wished, and that Renner informed Doe 2 that counseling support services were available through the University.  Defendants deny the remaining averments of this paragraph.

102.   Defendants deny the averments of this paragraph.

103.   Defendants deny the averments of this paragraph.

104.   Defendants deny the averments of this paragraph.

105.   Defendants deny the averments of this paragraph.

106.   Defendants admit that Doe 2 sent an email to Renner on March 7, 2018, the contents of which speak for themselves, and deny the remaining averments of this paragraph.

107.   Defendants admit the averments in the first and third sentences of this paragraph. Defendants further admit that the Plaintiffs met with Renner on March 9, 2018, that members of the group complained about Jones' behavior and offered various complaints, and that Renner stated that the Plaintiffs could work from home.  Defendants deny the remaining averments of this paragraph.

108.   Defendants deny the averments of this paragraph.

109.   Defendants admit that Doe 2 submitted her written resignation on March 26, 2018, the contents of which speak for themselves.  Defendants deny the remaining averments of this paragraph.

13

110.   Defendants admit that Doe 2 spoke with the IIEP Director, Maggie Chen, on or about March 27, 2018.  Defendants deny the remaining averments of this paragraph.

111.   Defendants deny the averments of this paragraph.

112.   Defendants admit the averments of the first sentence of this paragraph, and deny the remaining averments of this paragraph.

113.   Defendants admit the averments of the first sentence of this paragraph, and deny the remaining averments of this paragraph.

114.   Defendants deny the averments of this paragraph.

**Count I**
**Hostile Work Environment In Violation of the D.C. Human Rights Act**
**(All Defendants)**

115.   Defendants incorporate by reference their responses to paragraphs 1 through 114 of the Complaint.

116.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations that Jones made sexually charged comments or touched Plaintiffs inappropriately in the workplace, and therefore deny them.  Defendants deny the remaining averments of this paragraph.

117.   Defendants deny the averments of this paragraph.

118.   Defendants deny the averments of this paragraph.

119.   Defendants deny the averments of this paragraph.

120.   This paragraph describes the relief sought by Plaintiffs, and does not require a response.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any relief.

121.   This paragraph describes the form of a judgment sought by Plaintiffs, and does not require a response.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to such a judgment.

## Count II
### Retaliation In Violation of the D.C. Human Rights Act
### (All Defendants)

122.   Defendants incorporate by reference their responses to paragraphs 1 through 121 of the Complaint.

123.   Defendants deny the averments of this paragraph.

124.   Defendants deny the averments of this paragraph.

125.   This paragraph states a conclusion of law as to which no response is required.  To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments, and therefore deny them.

126.   Defendants deny the averments of this paragraph.

127.   Defendants admit that Doe 1 and Doe 2 are no longer employed at IIEP, and otherwise deny the averments of this paragraph.

128.   Defendants deny the averments of this paragraph.

129.   Defendants deny the averments of this paragraph.

130.   This paragraph describes the relief sought by Plaintiffs, and does not require a response.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any relief.

131.   This paragraph describes the form of a judgment sought by Plaintiffs, and does not require a response.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to such a judgment.

## Count III
### Gender Discrimination In Violation of the D.C. Human Rights Act
### (All Defendants)

132.   Defendants incorporate by reference their responses to paragraphs 1 through 131 of the Complaint.

133.   To the extent not dismissed by the Court's Order dated March 27, 2019, Defendants deny the averments of this paragraph.

134.   Defendants deny the averments of this paragraph.

135.   Defendants deny the averments of this paragraph.

136.   This paragraph describes the relief sought by Plaintiffs, and does not require a response.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any relief.

## Count IV
### Aiding and Abetting a Violation of the D.C. Human Rights Act
### (All Defendants)

137.   Defendants incorporate by reference their responses to paragraphs 1 through 136 of the Complaint.

138.   This paragraph states a conclusion of law as to which no response is required.

139.   Defendants deny the averments of this paragraph.

140.   Defendants deny the averments of this paragraph.

141.   Defendants deny the averments of this paragraph.

142.   Defendants deny the averments of this paragraph.

143.   This paragraph describes the relief sought by Plaintiffs, and does not require a response.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any relief.

**Count V**
**Negligent Training, Supervision, and Retention**
**(GW Only)**

144.    This Count was dismissed by the Court's Order dated March 27, 2019, and no response is required.

145.    This Count was dismissed by the Court's Order dated March 27, 2019, and no response is required.

146.    This Count was dismissed by the Court's Order dated March 27, 2019, and no response is required.

147.    This Count was dismissed by the Court's Order dated March 27, 2019, and no response is required.

**Count VI**
**Violation of Title IX (20 U.S.C. § 1681, *et seq.*)**
**(GW's Deliberate Indifference to Sexual Harassment)**

148.    Defendant University incorporates by reference its responses to paragraphs 1 through 147 of the Complaint.

149.    Defendant University denies the averments of this paragraph.

150.    Defendant University denies the averments of this paragraph.

151.    Defendant University denies the averments of this paragraph.

152.    Defendant University denies the averments of this paragraph.

153.    Defendant University denies the averments of this paragraph.

154.    Defendant University denies the averments of this paragraph.

155.    Defendant University denies the averments of this paragraph.

156.    Defendant University denies the averments of this paragraph.

157.    Defendant University denies the averments of this paragraph.

17

158.   This paragraph describes the relief sought by Plaintiffs, and does not require a response.  To the extent that a response is required, Defendant University denies that Plaintiffs are entitled to any relief.

**Count IX**
**Violation of Title IX (20 U.S.C. § 1681, *et seq.*)**
**(GW's Retaliation by Withholding Protections Conferred by Title IX)**

159.   Defendants incorporate by reference their responses to paragraphs 1 through 158 of the Complaint.

160.   Defendants deny the averments of this paragraph.

161.   This paragraph describes the form of a judgment sought by Plaintiffs, and does not require a response.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to such a judgment.

WHEREFORE, Defendants seek judgment on their behalf with no relief to Plaintiffs.

**<u>AFFIRMATIVE DEFENSES</u>**

1.   Plaintiffs' claims fail to state a claim upon which relief can be granted.

2.   Plaintiffs' claims are barred in whole or part by the applicable statute of limitations.

3.   Plaintiffs did not suffer tangible, adverse employment actions, or a materially adverse action that would dissuade a reasonable person from making a charge of discrimination.

4.   Plaintiffs failed to timely avail themselves of corrective opportunities provided by the Defendants or to otherwise avoid harm.

5.   Defendants exercised reasonable care to prevent and correct allegedly harassing behavior.

6.   Defendants were not negligent in their treatment of Plaintiffs' complaints about Jones or other alleged misconduct.

18

7.   Plaintiffs have improperly joined their claims.

Respectfully submitted,

Daniel I. Prywes (D.C. Bar No. 342394)
Frederick H. Schutt (D.C. Bar No. 1021664)
MORRIS, MANNING & MARTIN, LLP
1401 Eye Street, NW, Suite 600
Washington, D.C.  20005
Phone: (202) 971-4182
Fax:    (202) 408-5146
dprywes@mmmlaw.com
fschutt@mmmlaw.com

*Attorneys for Defendants The George Washington
University and Kyle Renner*

Dated:  April 10, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2019, I caused the foregoing DEFENDANTS'
ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT to
be served upon the following by ECF electronic filing:

> Brendan Klaproth, Esq.
> Jesse C. Klaproth, Esq.
> Klaproth Law PLLC
> 406 Fifth Street, NW, Suite 350
> Washington, DC  20001
>
> *Counsel for Plaintiffs*

Daniel I. Prywes